JUDGE DAVID BRIONES

2005 JUL -1 AM 4:21

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ELVA ESCOBAR, | ) |
|     Plaintiff, | ) |
| v. | ) |
| ECHOSTAR; ECHOSPHERE L.L.C.; ECHOSTAR TECHNOLOGIES CORPORATION; and ECHOSTAR SATELLITE L.L.C.; | ) Cause No. EP-05-CA-0249 |
|     Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW ELVA ESCOBAR,** hereinafter referred to as Plaintiff, complaining of **ECHOSTAR; ECHOSPHERE L.L.C.; ECHOSTAR TECHNOLOGIES CORPORATION;** and **ECHOSTAR SATELLITE L.L.C.;** hereinafter referred to as Defendants, and files this her First Amended Complaint, and for cause of action would respectfully show the Court as follows:

I

A.   Plaintiff is an individual who resides in El Paso, El Paso County, Texas. Defendants are **ECHOSTAR; ECHOSPHERE L.L.C.; ECHOSTAR TECHNOLOGIES CORPORATION;** and **ECHOSTAR SATELLITE L.L.C.**

B.   Defendant **ECHOSTAR** is a business entity of unknown form doing business in the State of Texas and in the County of El Paso and maintaining a place of business at 1285

Joe Battle Blvd., El Paso, Texas 79936. Service upon Defendant **ECHOSTAR** may be effected by serving any Manager or Supervisor at Echostar, 1285 Joe Battle Blvd., El Paso, Texas 79936.

C.   Defendant **ECHOSPHERE L.L.C.** is a Colorado Corporation duly organized and existing under the laws of the State of Colorado, and licensed to do business in the State of Texas, and doing business in the City and County of El Paso. Service upon Defendant **ECHOSPHERE L.L.C.** may be effected by serving its Registered Agent, Corporation Service Company d/b/a CSC - Lawyers Inc., 701 Brazos Street, Suite 1050, Austin, Texas 78701.

D.   Defendant **ECHOSTAR TECHNOLOGIES CORPORATION** is a Texas Corporation duly organized and existing under the laws of the State of Texas, and licensed to do business in the State of Texas, and doing business in the City and County of El Paso. Service upon Defendant **ECHOSTAR TECHNOLOGIES CORPORATION** may be effected by serving its Registered Agent, Corporation Service Company d/b/a CSC - Lawyers Inc., 701 Brazos Street, Suite 1050, Austin, Texas 78701.

E.   Defendant **ECHOSTAR SATELLITE L.L.C.** is a Colorado Corporation duly organized and existing under the laws of the State of Colorado, and licensed to do business in the State of Texas, and doing business in the City and County of El Paso. Service upon Defendant **ECHOSTAR SATELLITE L.L.C.** may be effected by serving its Registered Agent, Corporation Service Company d/b/a CSC - Lawyers Inc., 701 Brazos Street, Suite 1050, Austin, Texas 78701.

II

A.  At all times relevant to this proceeding, Plaintiff worked for the Defendants at their place of business located at 1285 Joe Battle Blvd., El Paso, Texas 79936.

B.  Plaintiff would show that Defendants are doing business in the City and County of El Paso, Texas, under various names, and that **ECHOSTAR** is one of the names they use at 1285 Joe Battle Blvd., El Paso, Texas 79936. Plaintiff would show that based on information and belief, all of the Defendants are closely related, that they share common ownership and management, that some own interests in others, and that in all likelihood, Defendants are merely different names for the same business entity doing business as **ECHOSTAR** at 1285 Joe Battle Blvd., El Paso, Texas 79936. Accordingly, Defendants **ECHOSTAR; ECHOSPHERE L.L.C.; ECHOSTAR TECHNOLOGIES CORPORATION;** and **ECHOSTAR SATELLITE L.L.C.;** will hereinafter be referred to collectively as Defendants **ECHOSTAR.**

III

A.  Venue in this District Court and Division is proper for the reason that the age discrimination, creation and maintenance of hostile work environment, retaliation and wrongful termination occurred within the physical boundaries of this Court and this Division.

IV

A.  Plaintiff has filed, more than 180 days prior to the institution of this action, charges of discrimination and wrongful termination based on her age, with the Equal Employment Opportunity Commission and/or Texas Commission on Human Rights. Plaintiff has received a Right to Sue Letter. All conditions precedent to filing this suit have been met.

V

A.   Defendants **ECHOSTAR** are an entity engaged in an industry affecting commerce and during all times material to this action have employed more than the statutorily-required numbered of employees in each of 20 or more calendar weeks in each year material to this action.

VI

A.   Plaintiff **ELVA ESCOBAR** is an Hispanic female, age 48. Plaintiff was employed by Defendants **ECHOSTAR** as an Advanced Bilingual Agent, earning about $1,876.80 per month. Defendants discriminated against Plaintiff, harassed her, accused her of having control or influence over the co-workers in her group and creating dissension among them, created and maintained a hostile work environment, retaliated against Plaintiff, and terminated Plaintiff's employment, all because of her age, or in the alternative, used Plaintiff's age, 48, as a factor in their decisions to harass her, blame her for all complaints that came to General Manager, Arturo Vasquez, and the HR Representative, Irene, (last name unknown), at the round table discussions, discriminate against her, create and maintain a hostile work environment for her, retaliate against her, and to terminate her employment.

B.   Defendants **ECHOSTAR**, acting by and through their Immediate Supervisor, Danny Valencia, General Manager, Arturo Vasquez, and HR Representative, Irene, who at all times were acting within the course and scope of their employment with Defendants **ECHOSTAR**, engaged in acts of discrimination against Plaintiff and violated the Age Discrimination in Employment Act of 1967, as amended; by accusing her of having control

or influence over her co-workers in her group and creating dissension, by holding Plaintiff to a different standard than their younger employees, and by terminating Plaintiff's employment based on her age, all in violation of Age Discrimination in Employment Act of 1967, as amended.

VII

A.   The negligent supervision by Defendants **ECHOSTAR** of their supervisors, managers, agents and employees, proximately caused the Plaintiff damages as set out below.  Defendants **ECHOSTAR** allowed their supervisors, managers, agents, and employees to harass Plaintiff, discriminate against her, and terminate her employment. Defendants **ECHOSTAR,** acting by and through their Immediate Supervisor, Danny Valencia, General Manager, Arturo Vasquez, and HR Representative, Irene, who at all times were acting within the course and scope of their employment with Defendants **ECHOSTAR,** engaged in acts of discrimination against Plaintiff by violating the Age Discrimination in Employment Act of 1967, as amended; by accusing her of having control or influence over her co-workers in her group and creating dissension, by holding Plaintiff to a different standard than their younger employees, and by terminating Plaintiff's employment based on her age, all in violation of Age Discrimination in Employment Act of 1967, as amended; to create and maintain a hostile work environment for her; to retaliate against her; to discriminate against her and to discharge Plaintiff **ELVA ESCOBAR** from her position as an Advanced Bilingual Agent.  Defendants **ECHOSTAR** allowed their managers, agents, and employees to discriminate against and discharge Plaintiff due to

5

her age, 48, and not for poor job performance. Each of these acts set forth above proximately caused damages to Plaintiff **ELVA ESCOBAR.**

### VIII

A.   Defendants **ECHOSTAR** intentionally inflicted emotional distress on Plaintiff who has suffered and continues to suffer damages including but not limited to severe emotional distress in the past that in all reasonable probability will continue into the future.

B.   Plaintiff has sought medical treatment for this severe emotional distress inflicted by Defendants and has incurred medical bills for this treatment. Plaintiff will require additional medical treatment in the future.

### IX

A.   Plaintiff sues for the recovery of back pay and/or compensatory damages for being discriminated against and having her employment terminated, for mental anguish and suffering, and loss of earnings, liquidated damages or punitive damages, attorney's fees, and costs of court. Said damages cannot be calculated by this pleading because said damages are continuing and increasing daily.

B.   Plaintiff reserves the right to amend her pleadings at the time of filing of the pre-trial order to set out in full the total amount of damages. Subject to that, Plaintiff, in the alternative, sues for the recovery of monetary damages based on the age discrimination, creation and maintenance of a hostile work environment, retaliation, and the wrongful termination based on her age. Plaintiff requests reinstatement. If reinstatement is not possible, Plaintiff requests an award of front pay.

X

A.  Plaintiff would show that the conduct of Defendants rises to the level of intentional conduct or reckless conduct.  Said Defendants acted contrary to well known rules of employment law and said conduct was done knowingly.  An imposition of punitive damages or exemplary damages is warranted in the amount of $1.5 million.  Plaintiff seeks the recovery of all damages against the Defendants under the doctrine of Respondeat Superior.

XI

A.  Defendants **ECHOSTAR** had a duty to adequately supervise their supervisors, managers and employees to avoid causing injury to Plaintiff **ELVA ESCOBAR.** Defendants **ECHOSTAR** were negligent in failing to provide adequate supervision of supervisors, managers and employees.  As a direct and proximate result of negligence of Defendants, Plaintiff was injured as alleged above.

XII

A.  As a direct and proximate result of Defendants' negligence in supervision, Plaintiff has suffered and continues to be damaged and suffers losses, including but not limited to emotional distress, past and future medical bills, mental anguish, pain and suffering, humiliation, impairment of reputation, and lost income and benefits, past and future.

XIII

A.  Plaintiff seeks the recovery of attorney's fees and costs of court.  Plaintiff also seeks the recovery of pre-judgment and post-judgment interest.

XIV

A.   Plaintiffs respectfully request a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that on final hearing Plaintiff have judgment against the Defendants for the amounts or sums alleged in this Complaint; an award of back pay; reinstatement with full seniority; pecuniary damages; and/or front pay, if applicable; past and future medical bills; and an award of compensatory damages and punitive or exemplary damages; pre-judgment and post judgment interest as provided by law; attorney's fees and costs of suit; and such other and further relief to which Plaintiff may be justly entitled; and trial by jury.

**RESPECTFULLY SUBMITTED** this the 1st day of July, 2005.

> BYRON CALDERÓN
> 1801 N. Stanton
> El Paso, Texas  79902
> Phone: (915) 533-6078
> Fax: (915) 533-6236
>
> Attorney for Plaintiff
>
> *Byron Calderón*
> BYRON CALDERÓN
> State Bar No. 03614570